IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BARBARA JORDAN : CIVIL ACTION
:
v. :
: No. 10-3470
SOUTHEASTERN PENNSYLVANIA :
TRANSIT AUTHORITY, et al. :

**MEMORANDUM**

Ludwig, J. February 3, 2011

This is an employment discrimination case. Jurisdiction is federal question. 28 U.S.C. § 1331. The nine-count complaint alleges, *inter alia*, that plaintiff Barbara Jordan, a SEPTA employee, was disciplined and wrongfully terminated in retaliation for making complaints about race and sex discrimination.[1] Defendants[2] move to dismiss Counts Eight and Nine for failure to state a claim for which relief can be granted. For the following reasons, defendants' motion will be granted as to Count Nine and denied as to Count Eight.[3]

---

[1] The claims are as follows: Count One - Title VII violations, race and gender discrimination; Count Two - 42 U.S.C. § 1981 violations, race discrimination; Count Three - Title VII violations - retaliation; Count Four - 42 U.S.C. § 1981 violations - retaliation; Count Five - PHRA violations, race and gender discrimination; Count Six - PHRA violations, retaliation; Count Seven - Section 1983 violations, violation of Plaintiff's first amendment rights; Count Eight - FMLA violations; Count Nine - wrongful termination - violation of public policy.

[2] Defendants are the Southeastern Pennsylvania Transit Authority and Mike Kelly, who is alleged to have been plaintiff's supervisor at SEPTA. Complaint, ¶ 8.

[3] A motion to dismiss under Rule 12 (b)(6) requires acceptance "as true [of] all factual allegations in the complaint, and [ ] all inferences from the facts alleged in the complaint in the light most favorable to the plaintiff." Haspel v. State Farm Mut. Auto. Ins. Co., 2007 WL 2030272, at *1 (3d Cir., filed Jul. 16, 2007) (citations omitted). However, legal conclusions and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not acceptable. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). A complaint

According to Count Nine, plaintiff was "subjected to termination of her employment after asserting her rights under the Pennsylvania Worker's Compensation Act [in] violation of the public policy of the Commonwealth of Pennsylvania." Complaint, ¶ 64. Defendants move to dismiss because Pennsylvania law bars this claim: "An action for the tort of wrongful discharge is available only when the employment relationship is at will." Phillips v. Babcock & Wilcox, 503 A.2d 36, 355 (Pa. Super. 1986), citing Geary v. United States Steel Corp., 319 A.2d 174 (Pa. 1974).

In Phillips, the complaint also alleged that plaintiff was wrongfully discharged in retaliation for filing a worker's compensation claim, in violation of public policy. Summary judgment was granted to plaintiff's employer, holding that the tort did not apply to someone who was not an at-will employee by reason of being subject to a collective bargaining agreement. Id. at 37. The Superior Court's affirmance noted that plaintiff's recourse was embodied in the grievance process established by the employer and the union, and that strong public policy favored the parties' right to contract and militated against extending a wrongful discharge cause of action to non-at-will employees. Id. at 38.

Here, plaintiff, a SEPTA bus operator, is a member of the Transport Workers' Union of Philadelphia, Local 234. The applicable collective bargaining agreement provides that Union members may be disciplined or discharged for "just cause." Collective Bargaining Agreement, p.9,

---

will survive a motion to dismiss when it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Haspel, at *1, quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Once a claim has been adequately stated, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, at 555-56 (rejecting the "no set of facts" standard of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), because under a literal reading of Conley, "a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleading left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Twombly, 550 U.S. at 555.

Article II, ¶ C(a)(1), Exhibit 1 to defendants' memorandum.[4]  As a result, plaintiff was not an at-will employee, in that the presumption of an at-will employment relationship is rebutted upon a showing of "an agreement specifying that the employee will be discharged for just cause only."  Helpin v. Trustees of University of Pennsylvania, 969 A.2d 601 (Pa. Super. 2009).  Inasmuch as the tort may accrue only to at-will employees, plaintiff's claim is not actionable.

Plaintiff cites the Pennsylvania Supreme Court's decision in Shick v. Shirey, 716 A.2d 1231, 1232-33 (1998).  However, in Shick, plaintiff was an at-will employee.

Count Eight purports to state a claim for violations of the Family Medical Leave Act.  Defendants' objection is that the complaint lacks allegations that plaintiff requested leave under FMLA, and was entitled to FMLA protection. However, it is alleged that plaintiff was injured, took leave from employment, and was terminated while on leave.  It cannot be said that the complaint does not "contain either direct or inferential allegations respecting the material elements necessary to sustain recovery under some viable legal theory," Haspel, supra, note 3, at *1, - namely, violations of FMLA.  Defendants' motion as to Count Eight must be denied.

BY THE COURT:

/s/  Edmund V. Ludwig
Edmund V. Ludwig, J.

---

[4] Matters of public record may be considered when evaluating a motion to dismiss. PBGC v. White, 998 F.2d 1192, 1196 (3d Cir. 1993).  The Collective Bargaining Agreement in this case is on file with the Pennsylvania Department of Labor Relations and is a public record.

3