IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA JORDAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 10-3470 |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSIT AUTHORITY, et al. | : | |

**MEMORANDUM**

Ludwig, J.                                                                              March   19, 2012

This is an employment discrimination action.  Jurisdiction is federal question.  28 U.S.C. § 1331.  The complaint alleges that plaintiff Barbara Jordan, a SEPTA employee, was disciplined and wrongfully terminated in retaliation for making complaints about race and sex discrimination.[1]  The parties have filed cross-motions for summary judgment on Count Eight, which alleges violations of the FMLA.[2]  Defendants' motion will be granted, and judgment entered in favor of defendants and against plaintiff on Count Eight.[3]

---

[1] Defendants are the Southeastern Pennsylvania Transit Authority and Mike Kelly, plaintiff's supervisor at SEPTA.  Complaint, ¶ 8.

[2] The remainder of the claims are as follows: Count I - Title VII violations, race and gender discrimination; Count Tow - 42 U.S.C. § 1981 violations, race discrimination; Count Three - Title VII violations - retaliation; Count Four - 42 U.S.C. § 1981 - retaliation; Count Five - PHRA violations, race and gender discrimination; Count Six - PHRA violations, retaliation; Count Seven - Section 1983 violations, violation of plaintiff's first amendment rights.

Count Eight alleges both interference with plaintiff's FMLA rights and retaliation for her efforts to exercise those rights.  Complaint, Count Eight.

[3] Under Fed. R. Civ. P. 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  The court should state on the record the reasons for granting or denying the motion."  Fed. R. Civ. P. 56(a).  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing

Correspondingly, plaintiff's motion will be denied.

The record[4] establishes that beginning in 1993, plaintiff was employed by SEPTA as a bus operator. Plaintiff's Concise Statement of Facts, ¶ 1. On December 2, 2009, while on duty, plaintiff reported to dispatch at SEPTA that she was experiencing pain and was taken to the hospital by ambulance for evaluation and treatment. Deposition testimony of Barbara Jordan, p. 247-48, Exhibit B to defendant's motion; Plaintiff's Concise Statement of Facts, ¶ 7. On December 3, 2009, plaintiff submitted an Operator's Accident Report and an Employee Injury Report. Exhibits C and D to defendant's motion. Also on that date, plaintiff called in sick and faxed a copy of a doctor's note to SEPTA Dispatcher Veronica Jerry. Deposition testimony of Veronica Jerry, p. 37-40, Exhibit B to plaintiff's motion; Plaintiff's "Sick Record", Exhibit D to plaintiff's motion; doctor's note, Exhibit F to plaintiff's motion.[5]

---

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof." Grosso v. Univ. Pittsburgh Med. Ctr., 2012 WL 787481, at *9-10 (W.D. Pa., filed Mar. 9, 2012), citing Marten v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007). "In deciding a summary judgment motion, a court must view the facts in the light most favorable to the nonmoving party and must draw all reasonable inferences, and resolve all doubts in favor of the nonmoving party." Id. (citations omitted).

[4] The record consists of deposition testimony, documents produced in the course of discovery, and affidavits.

[5] Plaintiff's position is that she was unable to work because of injuries sustained in October 2009, not that she had sustained a new injury on December 2, 2009. Plaintiff's Concise Statement, ¶ 18. Plaintiff: because she was not complaining of a new injury, she was not required to see a SEPTA physician, and SEPTA's reason for terminating her employment is therefore pre-textual. Id., ¶ 29. The evidence on this issue - plaintiff's submission of an Operator Accident Report and Employee Injury Report, and the Sick Record establishing that she called out sick, rather than injured on duty - create a genuine dispute as to this issue. It is not material, however, because the basis for the denial of the FMLA claim is that plaintiff was not

By letter dated December 4, 2009, plaintiff's supervisor directed plaintiff to report to her work location for an appointment to be seen by a SEPTA physician. Exhibit G to defendant's motion.[6] Plaintiff did not do so. On December 9, 2009, plaintiff's supervisor issued a written directive to plaintiff to appear at her work location to schedule an appointment with a SEPTA physician. Exhibit G to defendant's motion ("You are hereby directed to report to me at Southern District @ 8:00 AM on Monday, December 14, 2009 in order to schedule a panel doctor visit. Failure to comply with this directive will result in your being dropped from the rolls of the Authority"). Again, plaintiff did not appear, and as a result, her employment was terminated. Plaintiff's deposition, p. 291-97; December 15, 2009 correspondence, Exhibit H to defendant's motion ("Your failure to comply with this directive makes it necessary to drop you from the rolls of the Authority."); Authority Standard Rule 9.16.b, Exhibit I to defendant's motion ("The following behaviors are prohibited and subject to disciplinary action, up to and including discharge . . . (16) disobedience of rules or directive").

---

eligible for FMLA leave because she did not work the required number of hours in the 12 months preceding her request. "A fact is 'material' if its existence or non-existence would affect the outcome of the suit under governing law." Prigge v. Sears Holding Corp., 2010 WL 2731589, at *3 (E.D. Pa., filed Jul. 9, 2010), citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

[6] Pennsylvania's Worker's Compensation law and SEPTA's Collective Bargaining Agreement require that, following an on-the-job or work-related injury, an employee must obtain treatment from a SEPTA physician during the first ninety (90) days from an injury. Collective Bargaining Agreement, p. 112, Section 503, II.., (d), Exhibit F to defendant's motion.

On December 10, 2009, plaintiff submitted a Sick Benefit Application Form. Exhibit E to defendant's motion. This form triggered plaintiff's request for FMLA leave. See Exhibit E ("By applying for Sick Benefits, you have notified us of a potential FMLA qualifying event. . . . Please be advised that approval for Sick Benefits does not guarantee approval for FMLA leave."). Plaintiff was not advised that her request for FMLA leave was denied because of ineligibility and, as noted, she was discharged on December 15, 2009. Plaintiff's Concise Statement, ¶¶ 40, 44.

AmeriHealth Casualty administers FMLA benefits for SEPTA employees. Affidavit of Vicky Duggan, Medical Program Manager of SEPTA's Human Relations Department, ¶ 6, Exhibit J to defendant's motion. As SEPTA's third-party administrator, it maintains records of employee hours worked for purposes of calculating FMLA leave. Id.; AmeriHealth Hours Worked Detail, Exhibit K to defendant's motion. Here, its records reflect that, as of December 3, 2009, plaintiff had worked 1,046 hours in the preceding 12 months. Exhibit K.[7]

According to plaintiff, SEPTA's failure to advise her that she was ineligible for

---

[7] In response, plaintiff submits SEPTA payroll records, which reflect hours of service of 1,305.85 in the 12 months preceding her requires. Exhibit T to plaintiff's motion. However, the payroll records include vacation and sick time, in addition to hours worked. See Exhibit T. "Paid vacation and sick time are not considered 'hours of service'" for purposes of determining eligibility under FMLA. Koontz v. USX Corp., 2001 WL 752656, at *7 (E.D. Pa., filed Jul. 2, 2001); Clark v. Allegheny Univ. Hosp., 1998 WL 94803, at *4 (E.D. Pa., filed Mar. 4, 1998) (same).

4

FMLA leave and its termination of her employment while she was using FMLA leave[8] constitute interference with and retaliation for utilization of her rights under FMLA. Defendant's position is that plaintiff was not eligible for FMLA leave, and therefore, as a matter of law, cannot state an interference claim or a retaliation claim.

Under FMLA, "an eligible employee shall be entitled to a total of twelve workweeks of leave during any twelve month period." 29 U.S.C. § 2612(a)(1)(D). "The term 'eligible employee' means an employee who has been employed - (i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A). "'In order to assert a claim of interference [with rights under FMLA], an employee must show that he was entitled to benefits under the FMLA and that his employer illegitimately prevented him from obtaining those benefits.'" Koller v. Riley Riper Hollin & Colagreco, 2012 WL 628009, at * 3 (E.D. Pa., filed Feb. 28, 2012), quoting Sarnowski v. Air Brooke Limousine Service, Inc., 510 F.3d 398, 401 (3d Cir. 2007). "'An interference action is not about discrimination, it is only about whether an employer provided the employee with the entitlements guaranteed by FMLA.'" Koller, at * 3, quoting Callison v. City of Philadelphia, 430 F.3d, 117, 119 (3d Cir. 2005).

With respect to the retaliation claim, "a plaintiff must establish a prima facie case by

---

[8] Plaintiff contends that upon her request, FMLA leave was granted provisionally and she was entitled to all rights under FMLA until she was told otherwise. Plaintiff's Concise Statement, 43.

demonstrating that (1) he is protected under the FMLA; (2) he suffered an adverse employment action; and (3) there was a causal connection between exercising an FMLA right and the adverse employment action." Prigge v. Sears Holding Corp., 201 WL 2731589, at *5 (E.D. Pa., filed Jul. 9., 2010), citing Conoshenti v. Pub. Serv. Eec. & Gas Co., 364 F.3d 135 (3d Cir. 2004).

Here, plaintiff did not work the requisite 1,250 hours in the 12 months preceding her request for FMLA leave and, therefore, was not eligible for leave or otherwise protected under the Act. Accordingly, her claims under the FMLA must be rejected as a matter of law.

Plaintiff maintains that SEPTA is estopped to deny her protection under the Act because it did not inform her of her ineligibility for FMLA leave before terminating her employment. Plaintiff relies on Department of Labor regulations:

> The determination of whether an employee has worked for the employer for at least 1250 hours in the past 12 months and has been employed by the employer for a total of at least 12 months must be made as of the date leave commences. If an employee notifies the employer of need for FMLA leave before the employee meets these eligibility criteria, the employer must either confirm the employee's eligibility based upon a projection that the employee will be eligible on the date leave would commence or must advise the employee when the eligibility requirement is met. If the employer confirms eligibility at the time the notice for leave is received, the employer may not subsequently challenge the employee's eligibility . . . . If the employer fails to advise the employee whether the employee is eligible prior to the date requested leave is to commence, the employee will be deemed eligible. The employer may not, then, deny the leave.

29 C.F.R. § 825.110(d).

The Third Circuit has rejected this argument, holding that an employer's failure to advise an

employee that he or she is not eligible for FMLA leave does not expand the employee's eligibility under the Act.  See Sinacole v. iGate Capital, 287 Fed. Appx. 993 (3d Cir. 2008):

> We agree with other federal courts of appeal that this regulation is invalid to the extent that it expands the scope of employees who are covered by the FMLA by giving otherwise non-eligible employees a cause of action for an employer's failure to respond to an application for FMLA leave.

Sinacole, 287 Fed. Appx. At 995, citing Woodford v. Community Action of Greene Cty., 268 F.3d 51 (2d Cir. 2001); Brungart v. BellSouth, 231 F.3d 791 (11th Cir. 2000); Dormeyer v. Comerica Bank-Illinois, 223 F.3d 579, 582 (7th Cir. 2000).

Because plaintiff did not work the requisite hours in the 12 months preceding her request for FMLA leave, she was not an eligible employee under FMLA and her claims must be denied as a matter of law.

                                                  BY THE COURT:


                                               /s/ Edmund V. Ludwig
                                              Edmund V. Ludwig, J.